**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4782**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTINA RENE FUNEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:11-cr-00007-NKM-2)

Submitted:  April 25, 2017                                   Decided:  April 27, 2017

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Melissa J. Warner, LAW OFFICE OF MELISSA J. WARNER, Glen Allen, Virginia, for Appellant.  Rick Mountcastle, Acting United States Attorney Western District of Virginia, Heather L. Carlton, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christina Rene Funez appeals the district court's judgment revoking her supervised release and sentencing her to 15 months' imprisonment. Funez contends that her sentence—five months above the recommended range—is unreasonable because the court failed to adequately consider and address her arguments for a lesser sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, generally following the procedural and substantive considerations that are at issue in review of original sentences. *Id.* at 438-39. In this initial inquiry, we take a "more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if we find the sentence unreasonable will we consider whether it is "plainly" so. *Id.* at 657.

A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences. *Crudup*, 461 F.3d at 439. The district court also must provide a statement of reasons for

the sentence imposed, but that explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). In exercising its sentencing discretion, the district court "should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *Webb*, 738 F.3d at 641.

Funez assigns error to the district court's explanation for its upward variant sentence. Funez preserved her challenge to the court's explanation "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed." *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010). In pronouncing sentence, the district court explicitly stated that it had considered Funez's arguments. Furthermore, the district court clearly opined that the substantial leniency Funez received at her original sentencing, her repeated lying to her probation officer, and the need to afford adequate deterrence, particularly taking into account "[her] breach of trust . . . [in] failing to abide by the conditions of the court-ordered supervision," warranted the upward variant sentence. We thus reject Funez's challenge to the procedural reasonableness of her sentence.

To the extent Funez challenges the substantive reasonableness of her sentence, a revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. As we have said, the district court identified appropriate grounds for the 15-month sentence. We thus conclude that the sentence is

substantively reasonable.  We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*